UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **BANC ONE CAPITAL BID CO 1998 LLC, ET AL** | **CIVIL ACTION NO. 10-1288** |
| **VERSUS** | **JUDGE HAIK** |
| **GENESIS OFFSHORE, LLC, ET AL** | **MAGISTRATE JUDGE HANNA** |

*RULING AND ORDER*

Before the court is Coral Marine Services, LLC's (Coral) Motion for Leave of Court to File Complaint in Intervention (Rec. Doc. 40). The motion is opposed by the plaintiffs.

*Background and Argument*

On August 17, 2010, plaintiffs filed a complaint against multiple defendants, including an *in rem* action against the vessel M/V MISS VENUS f/k/a Miss Danielle in order to foreclose on their fleet mortgages against, *inter alia*, the MISS VENUS. On February 16, 2011, Coral filed a motion to file a complaint in intervention in the litigation, seeking to enforce its maritime lien on the MISS VENUS for services, labor and materials provided to the MISS VENUS.

In their opposition to Coral's motion, plaintiffs assert they published notice of the arrest and seizure of the MISS VENUS as required by Local Admiralty Rule 64.1 and 64.5 in the October 17, 2010, edition of the *The Advertiser* and proof of this publication

1

was filed in the record on October 21, 2010. In addition, plaintiffs sent notice to Coral and other lien holders of the published legal advertisement of the seizure of the MISS VENUS. Plaintiffs argue that on February 2, 2011, at the request of plaintiffs, the Clerk of Court entered a default against all claimants and lien holders. Therefore, plaintiffs argue, the motion to intervene, filed on February 16, 2011, is untimely and should not be permitted.

### *Applicable Law and Discussion*

The Fifth Circuit has repeatedly recognized that "[f]ederal courts should allow intervention where no one would be hurt and the greater justice could be attained." John Doe No. 1 v. Glickman, 256 F.3d 371, 375 (5th Cir. 2001)(citing Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir.1994)). Therefore a party is entitled to an intervention of right if: (1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervener's interest. Id. at 375 (citations omitted).

The only factor at issue in this matter is timeliness. The Fifth Circuit in Glickman summarized the jurisprudence on timeliness of a motion to intervene as follows:

> "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervener, but rather a guard against prejudicing the original parties by the failure to apply sooner." Espy, 18 F.3d at 1205. "[A

> motion to intervene's] timeliness is to be determined from all the circumstances." Edwards, 78 F.3d at 1000. "Th[is] analysis is contextual; absolute measures of timeliness should be ignored." Espy, 18 F.3d at 1205. A court should ignore "[h]ow far the litigation has progressed when intervention is sought[,] ... the amount of time that may have elapsed since the institution of the action ... [, and] the likelihood that intervention may interfere with orderly judicial processes." Stallworth, 558 F.2d at 266.

Glickman, 256 F.3d at 375.

In analyzing timeliness, another four-part framework is applied: (1) how long the putative intervenor knew, or reasonably should have known, of its stake in the action; (2) the prejudice, if any, the existing parties may suffer because the putative intervenor failed to intervene when it knew, or reasonably should have known, of its stake; (3) the prejudice, if any, the putative intervenor may suffer if intervention is not allowed; and (4) any unusual circumstances weighing in favor of, or against, finding timeliness. Glickman, 256 F.3d at 376.

It is unclear exactly how long Coral knew of its stake in the action, but the undersigned finds it reasonably should have known by October 22, 2010. Notice of the seizure was published on October 17, 2010.[1] That notice expressly stated that all parties claiming an interest in the vessels must file their claims within 21 days after the publication date of the notice and their answers to the verified complaint within 21 days after filing their statements of interest as required by LAR 64.1W and Supplemental Rule

---

[1] See Exhibit A to Notice of Filing of Affidavit of Publication (Rec. Doc. 18-1).

C(4).[2] Moreover, Coral received notice of the legal advertisement of the seizure of the MISS VENUS on October 22, 2010 by certified mail.[3] Therefore, it appears Coral knew or should have known of its stake in the action by October 22, 2010, and should have filed its claim by November 10, 2010. Instead, the motion to intervene was filed on February 16, 2011, almost four months late.

As to the prejudice to the existing parties, "[t]he prejudice to be considered in ruling on intervention of right . . . is that created by the intervenor's delay in seeking to intervene after it has learned of its interest in the action, not prejudice to existing parties if intervention is allowed." Ceres Gulf v. Cooper, 957 F.2d 1199, 1203 (5th Cir. 1992), citing Stallworth v. Monsanto Co., 558 F.2d 257, 265 (5th Cir. 1977). In this matter there is no prejudice to plaintiffs created by Coral's *delay in seeking* to intervene. The only prejudice to plaintiffs will occur if Coral is *allowed* to intervene, as perhaps plaintiffs will be faced with a ranking issue and fewer available funds.

As to the prejudice to Coral should the court not allow the intervention, Coral would lose its claim. There is a strong presumption against the waiver of a maritime lien. Gulf Oil Trading v. M/V Caribe Mar, 757 F.2d 743, 750 (5th Cir.1985). Any opponents of a lien must prove that the creditor purposefully intended to forego both the lien and the

---

[2]Id.

[3]See Exhibit A to Plaintiffs' Opposition to Motion for Leave of Court to File Complaint of Intervention of Coral Marine Services, LLC (Rec. Doc. 43-1).

valuable privilege that it affords and look solely to the owner's personal credit. Id., citing

Point Landing v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861, 867 (5th Cir.1958). In Point Landing, the Fifth Circuit stated as follows:

> Liberality in allowing interventions mirrors not alone admiralty's approach to do justice with slight regard to formal matters. It is a recognition of the unavoidable consequence of a sale of a vessel in an in rem proceeding. The sale cuts off the rights of all non-parties. The title from the marshal is good against the world. Unless one claiming a lien is given the opportunity of asserting his right as against the proceeds resulting from the sale which has been made or is in the course of being carried out, the rights are forever and irretrievably lost.

Point Landing, Inc., 261 F.2d at 866.

The undersigned finds plaintiffs will not be prejudiced by the delayed intervention but Coral will be highly prejudiced if it is not allowed to intervene.

Finally, while plaintiffs argue the filing is untimely because it was filed 14 days after "the Clerk of Court entered a default," the Clerk of Court actually entered a Notice of Entry of Default, and not a default judgment. As explained in the notice, LR55.1 requires a "a delay of at least fourteen (14) days from the date of the notice. . .before issuance of a default judgment."[4] Once a default is entered, the plaintiff must move for a judgment of default. The Fifth Circuit has made it clear that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations" and are "available only when the adversary process has been halted because of an essentially unresponsive party." Sun Bank of Ocala v. Pelican Homestead & Sav.

---

[4] See Notice of Entry of Default (Rec. Doc. 37).

5

Ass'n, 874 F.2d 274, 276 (5th Cir. 1989)(citations omitted). In any case, no default judgment had been entered under Fed. R. Civ. P. 55 at the time Coral filed its motion to intervene and plaintiffs reliance on entry of a default judgment against Coral is misplaced.

*Conclusion*

For all of the reasons given above, the undersigned finds Coral's motion to intervene under Fed. R. Civ. P. Rule 24 timely under the factors of John Doe No. 1 v. Glickman, 256 F.3d 371, 376 (5th Cir. 2001). Therefore,

**IT IS ORDERED** that the Motion for Leave of Court to File Complaint in Intervention (Rec. Doc. 40) filed by Coral Marine Services, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that oral argument on the motion set for March 23, 2011 is **CANCELED**.

Lafayette, Louisiana, this 14th day of March, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)